53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry EMERSON, Plaintiff-Appellant,
v.
THE BOEING COMPANY, Defendant-Appellee,
and Phil Asper, Sharon Boucher, and Mike Gallegos, Defendants.
 No. 94-3125.
 (D.C. No. 92-CV-1279)
 United States Court of Appeals, Tenth Circuit.
 May 8, 1995.
 
 Before EBEL, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's decision granting defendant Boeing Company summary judgment on plaintiff's claims of race and sex discrimination, asserted under Title VII, 42 U.S.C.2000e to 2000e-17, and his claim for breach of an implied employment contract, asserted under Kansas law.[2] Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court reviews the district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Upon consideration of the record and the parties' written arguments, we affirm.
 
 I. Title VII
 
 3
 Plaintiff, a black male, asserts that Boeing unlawfully terminated his employment on the basis of his race and gender. Boeing, on the other hand, asserts that it fired plaintiff following its investigation of sexual harassment charges filed against plaintiff by one of his subordinates. Once Boeing asserted this legitimate, nondiscriminatory reason for terminating plaintiff's employment, it was incumbent upon plaintiff to assert specific facts creating a triable issue as to whether the reason advanced was pretextual or independent evidence that Boeing intentionally discriminated against plaintiff on the basis of race and gender. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2749 (1993).
 
 
 4
 Plaintiff's arguments and evidence focus on the veracity of the sexual harassment charges filed against him. That, however, is not the relevant inquiry. See Waggoner v. City of Garland, 987 F.2d 1160, 1165 (5th Cir.1993)(age discrimination claim). Rather, the "real issue is whether the employer reasonably believed the employee's allegation [of sexual harassment] and acted on it in good faith, or to the contrary, the employer did not actually believe the co-employee's allegation but instead used it as a pretext for an otherwise discriminatory dismissal." Id.; see also Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir.1991)(holding, in age discrimination case, that "[w]e can assume for purposes of this opinion that the complaining employees ... were lying through their teeth. The inquiry ... is limited to whether" plaintiff's supervisors believed he "was guilty of [sexual] harassment, and if so, whether this belief was the reason behind [his] discharge"). Because plaintiff failed to assert specific facts tending to establish that Boeing did not believe the sexual harassment charges filed against him, but merely used those charges as a pretext to fire him on the basis of his race or sex, we must affirm the district court's decision granting Boeing summary judgment on the Title VII claims.
 
 II. Breach of Implied Contract
 
 5
 Plaintiff also asserts a pendent Kansas state law cause of action alleging that Boeing breached the parties' implied employment contract when it fired him. Under Kansas law, employment is presumed to be at will unless the parties have an express or implied contract covering the duration of employment. E.g., Morriss v. Coleman Co., 738 P.2d 841, 848 (Kan.1987) (citing Allegri v. Providence-St. Margaret Health Ctr., 684 P.2d 1031 (Kan. Ct.App.1984)). Plaintiff concedes that he did not have a written contract, but argues that he nonetheless entered into an implied-in-fact contract with Boeing that gave him a legitimate expectation of continued employment. Boeing denies the existence of such a contract.
 
 
 6
 The relevant inquiry in determining whether an implied employment contract exists is whether the parties intended to enter into an agreement restricting the employer's ability to terminate its employees at will. See Berry v. General Motors Corp., 838 F.Supp. 1479, 1491-92 (D. Kan.1993). The employee's subjective expectation of continued employment is not enough. Id. at 1492. Because the question of the parties' intent is a factual issue, the existence of an implied employment contract is a question of fact, see Brown v. United Methodist Homes for the Aged, 815 P.2d 72, 80 (Kan.1991)(citing Allegri, 684 P.2d 1031), that will ordinarily preclude summary judgment, see Conyers v. Safelite Glass Corp., 825 F.Supp. 974, 977 (D. Kan.1993). See generally Ando v. Great W. Sugar Co., 475 F.2d 531, 533, 537 (10th Cir.1973) (in diversity action, availability of summary judgment is procedural matter governed by federal law). Nonetheless, in order to survive a summary judgment motion, it is incumbent upon the plaintiff to assert specific facts tending to establish a triable issue concerning whether the parties possessed the mutual intent to create a legitimate expectation of continued employment. See Conyers, 825 F.Supp. at 977 ("summary judgment may be granted if the plaintiff presents only evidence of his own unilateral expectation of continued employment"); see also Conaway v. Smith, 853 F.2d 789, 794 (10th Cir.1988)(applying Kansas law and affirming summary judgment for employer where employee failed to show specific facts from which implied contract could be inferred). See generally Bankers Trust Co. v. Lee Keeling & Assocs., Inc., 20 F.3d 1092, 1099 (10th Cir.1994)(in diversity action, sufficiency of evidence to go to jury is matter of federal procedural law; reviewing denial of Fed.R.Civ.P. 50 motion for judgment as matter of law).
 
 
 7
 On appeal, plaintiff asserts that the parties' mutual intent to be bound by an implied contract restricting Boeing's right to terminate plaintiff's employment at will, see Morriss, 738 P.2d at 846, is established by Boeing's provision of retirement benefits and its statement in its personnel manual that Boeing is an equal opportunity employer. These facts are insufficient to establish a triable issue as to whether the parties mutually intended to enter into an implied employment contract giving plaintiff a legitimate expectation of continued employment. See Copple v. City of Concordia, 814 F.Supp. 1529, 1535-36 (D. Kan.1993) (entering summary judgment for employer, after determining that statement in employment manual providing for equal treatment of employees, among other provisions, did not expressly guarantee continued employment); cf. Pegg v. General Motors Corp., 785 F.Supp. 901, 908, 909 (D. Kan.1992)(entering summary judgment for employer, after determining that receipt of summary of retirement benefits available at age sixty-five, among other things, did not evidence parties' mutual intent to enter into implied agreement that employee would be able to work until retirement age at specific plant location).
 
 
 8
 Plaintiff also argues that the disciplinary procedures outlined in Boeing's administrative policy indicated that he would not be discharged except for a violation of company rules that had been fairly and impartially evaluated. These disciplinary provisions, however, do not support a legitimate expectation of continued employment. Because plaintiff has failed to show specific facts from which an implied contract can be inferred, summary judgment in favor of Boeing was appropriate on this breach of contract claim. See Conaway, 853 F.2d at 794.
 
 
 9
 The judgment of the United States District Court for the District of Kansas is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff does not appeal the district court's denial of relief on any of his other claims asserted against Boeing or the other named defendants